UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ENBRIDGE ENERGY, LIMITED PARTNERSHIP,

Plaintiff,

v.

VAN ENKEVORT TUG AND BARGE, INC., a Michigan Corporation, *In Personam*, and CLYDE S. VAN ENKEVORT ARTICULATED TUG AND BARGE, *In Rem*,

Defendants.

Honorable
Magistrate
Case 2:18-cv-

---

Peter H. Webster (P48783)
Phillip J. DeRosier (P55595)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff Enbridge Energy, Limited Partnership
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
pwebster@dickinsonwright.com
pderosier@dickinsonwright.com

---

**COMPLAINT**

Plaintiff, Enbridge Energy, Limited Partnership ("Enbridge") states the following as its verified Complaint in admiralty against Van Enkevort Tug and Barge, Inc., *In Personam*, and the Clyde S. Van Enkevort articulated tug and barge, *In Rem*:

## PARTIES, JURISDICTION, AND VENUE

1. Enbridge is a limited partnership duly organized under the laws of the state of Delaware with its principal place of business located at 5400 Westheimer Court, Houston, Texas 77056. Enbridge conducts business in the state of Michigan.

2. Defendant Van Enkevort Tug and Barge, Inc., *In Personam,* is a Michigan corporation with its registered address at 909 North Lincoln Road, Escanaba, Michigan 49829. Upon information and belief, Defendant conducts substantial and continuous business in Michigan.

3. Defendant Clyde S. Van Enkevort, *In Rem*, is an articulated tug and barge ("Vanenkevort Vessel") owned, controlled, and operated by Van Enkevort Tug and Barge, Inc. At all relevant times, the Vanenkevort Vessel was engaged in maritime commerce in the waters of the United States, and specifically the coasting trade, and has been or will be within this district while the action is pending (collectively "Van Enkevort Tug and Barge, Inc. and the Vanenkevort Vessel are referred to as "Van Enkevort").

4. The incident for which Enbridge brings this action and its admiralty and maritime claims occurred within this district.

5. This Court has jurisdiction over Enbridge's admiralty and maritime claims pursuant to 28 U.S.C. § 1333 and FED. R. CIV. P. 9(h) and personal jurisdiction over Van Enkevort and the Vanenkevort Vessel.

6. Venue is proper in this Court.

## BACKGROUND FACTS

7. Enbridge is a leading company in energy transportation and distribution in North America and owns the United States portion of the world's longest liquid petroleum pipeline

system. Combined with the Canadian portion of that pipeline system, the pipelines owned and operated by Enbridge and related entities span thousands of miles across North America. These pipelines safely transport crude oil from Canada and the United States to refineries in Midwestern states, the Gulf Coast, and Eastern Canada.

8. Enbridge owns and operates the Lakehead System, which is a central component in the United States portion of its operationally-integrated pipeline system that spans North America. The Lakehead System spans from the international border near Neche, North Dakota to the international border near Marysville, Michigan, with an extension from facilities in Canada crossing into the Buffalo, New York area.

9. Line 5 is an important part of the Lakehead System which travels through Michigan's Upper and Lower Peninsulas, originating in Superior, Wisconsin, and terminating in Sarnia, Ontario, Canada. Built in 1953 to meet extraordinary design and construction standards, the Line 5 Straits of Mackinac crossing continues to be fit for service, and has never experienced a leak in more than 60 years of operation. As it travels under the Straits of Mackinac, Line 5 splits into two 20-inch-diameter, parallel pipelines crossing the Straits west of the Mackinac Bridge for a distance of 4.5 miles.

10. Since being constructed in 1953, Line 5 has been operated and maintained consistent with applicable regulatory requirements, including those applicable to emergency response planning. Enbridge regularly conducts a formal and active operating, maintenance, and pipeline integrity management program on Line 5. Enbridge carries out regular inspections of the line, using inline tools, expert divers, and remote operating vehicles (ROVs), exceeding regulatory requirements.

11. The waters of the Straits of Mackinac are navigable waters of the United States and within this district. The Straits of Mackinac are a narrow channel or fairway, and are designated a security zone. The Straits of Mackinac are marked for the public, both by signs placed on the lakeshore or otherwise and by publicly available navigational charts, as home to submarine pipelines and cables, and as an area where the operators of vessels like the Vanenkevort Vessel should exercise extreme caution, including but not limited to operation, deployment, or use of anchors.

12. On April 1, 2018, the Vanenkevort Vessel passed through the Straits of Mackinac with one or more of its anchors improperly operated, deployed, and/or dragged near or along the bottomlands of Lakes Huron and Michigan and the Straits of Mackinac.

13. Upon information and belief, the Vanenkevort Vessel traveled for many miles with an anchor deployed and/or dragging along the bottomlands.

14. While passing through the Straits of Mackinac on April 1, 2018, the Vanenkevort Vessel's anchor allided with and dented each of the two Enbridge Line 5 liquid pipelines located at the bottom of the Straits of Mackinac.

## COUNT I – ADMIRALTY NEGLIGENCE

15. Enbridge incorporates by reference all prior paragraphs.

16. Van Enkevort owed a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of its acts and omissions.

17. Van Enkevort owed a duty to provide a seaworthy vessel and crew, which includes providing a vessel equipped and prepared for its intended voyage, manned by a competent and skillful master, and an adequate crew.

18. Van Enkevort owed a duty to use proper precautions and reasonable skill and care to avoid alliding with pipelines and cables in the Straits of Mackinac, including Enbridge's Line 5. This duty included, but was not limited to, compliance with the applicable navigational markers, rules, regulations, charts, directives, and orders.

19. Van Enkevort breached this duty, including but not limited to statutory duties, by improperly operating, deploying, or dragging an anchor through the Straits of Mackinac, which are marked by signs and navigational markers and on navigational charts as a place where vessels, vessel owners, and vessel operators should exercise extreme caution in anchoring and/or use of anchors due to the presence of submarine pipelines and cables.

20. Van Enkevort was negligent in connection with the April 1, 2018 allision in the following, but not limited, ways:

A. Vanenkevort Vessel was negligently operated, constituting an unseaworthy condition;

B. Vanenkevort Vessel was negligently operated such that it did not avoid the allision of the Vanenkevort Vessel with Line 5;

C. Van Enkevort failed to take all necessary actions and precautions to avoid the allision of the Vanenkevort Vessel with Line 5;

D. Van Enkevort failed to exercise reasonably prudent operations under all attendant circumstances;

E. Van Enkevort failed to comply with applicable laws, aids, markers, rules, regulations, charts, directives, and/or orders.

21. The possibility of damage to the pipelines and cables located in the Straits of Mackinac, and potential harm to the Great Lakes as a result, is a well-known matter of significant concern.

22. The Vanenkevort Vessel was a moving vessel under its own power which allided with Line 5. Van Enkevort failed to use reasonable care in the operation of the Vanenkevort Vessel. Line 5 is and was a stationary object and was not at fault, nor did it contribute in any way, substantially or otherwise, to the allision. The allision was not an unavoidable accident; that is, the allision was avoidable by Van Enkevort.

23. Van Enkevort proximately caused injury to Enbridge by negligently operating, deploying, or dragging its anchor through the Straits of Mackinac and, in so doing, alliding with Enbridge's Line 5 liquid pipelines, including but not limited to the following:

A. Costs and damages relating to the labor, materials, repairs, and maintenance necessary to remedy and repair the damage to Line 5;

B. Costs and damages incurred by Enbridge associated with the investigation, observation, inspection, response, and assessment of Line 5;

C. Other damages, costs, and fees deemed allowable by the Court.

24. The injuries caused by Van Enkevort's breach of duty were reasonably foreseeable results of Van Enkevort's negligence because a reasonable vessel operator would heed the public signs and publicly-available navigational charts urging extreme caution in anchoring in the Straits of Mackinac. Additionally, a reasonable vessel operator would be cognizant of the potential for severe harm to the Great Lakes should any of the pipelines and cables in the Straits of Mackinac be struck by an anchor, and the fact that Enbridge would incur response costs in the event of such an anchor strike.

25. Van Enkevort's improper operation of the Vanenkevort Vessel and the operation, deployment, or dragging of an anchor across Line 5 constitutes negligence and subjects Van Enkevort to liability for damages, because it is a breach of a legal duty which caused (both factually and proximately) the injuries suffered by Enbridge.

**COUNT II – NEGLIGENCE PER SE**

26. Enbridge incorporates by reference all prior paragraphs.

27. Van Enkevort owed a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of its acts and omissions.

28. Van Enkevort owed a duty to provide a seaworthy vessel and crew, which includes providing a vessel equipped and prepared for its intended voyage, manned by a competent and skillful master, and an adequate crew.

29. Van Enkevort owed a duty to use proper precautions and reasonable skill and care to avoid alliding with pipelines and cables in the Straits of Mackinac, including Enbridge's Line 5. This duty included, but was not limited to, compliance with the laws, statutes, rules, ordinances, guidelines, applicable navigational markers, regulations, charts, directives, orders, or other sources of law.

30. Van Enkevort breached its duties by violating one or more of the following laws, statutes, rules, ordinances, guidelines, applicable navigational markers, regulations, charts, directives, orders, or other sources of law:

A. Statutes, regulations, and ordinances designed to prevent allisions, including, but not limited to, the Inland Navigational Rules, and the annexes thereto;

B. Applicable navigational markers and charts designed to prevent allisions by warning vessels, vessel owners, and vessel operators to exercise extreme caution in anchoring and/or use of anchors due to the presence of submarine pipelines and cables;

C. Acting or failing to act in other ways that violated all other applicable laws, statutes, rules, ordinances, guidelines, applicable navigational markers, regulations, charts, directives, and/or orders.

31. Van Enkevort's improper operation of the Vanenkevort Vessel and the operation, deployment, or dragging of an anchor across Line 5 constitutes negligence per se and subjects Van Enkevort to liability for damages, because it is a breach of a legal duty which caused (both factually and proximately) the injuries suffered by Enbridge.

**RELIEF REQUESTED**

WHEREFORE, Enbridge asks this honorable Court to order the following:

A. Adjudge, declare, and hold that Plaintiff Enbridge Energy, Limited Partnership, has a judgment against Van Enkevort Tug and Barge, Inc. for the claims asserted by Enbridge herein, together with interest, costs, and attorney fees;

B. Adjudge, declare, and hold that Plaintiff Enbridge Energy, Limited Partnership, has a judgment against the Clyde S. Van Enkevort, articulated tug and barge, *in rem*, for the claims asserted by Enbridge herein, together with interest, costs, and attorney fees; and

C. Award any such other and further relief the Court deems necessary or appropriate.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/Peter H. Webster

Peter H. Webster (P48783)
Phillip J. DeRosier (P55595)
Attorneys for Plaintiff Enbridge Energy, Limited Partnership
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084-3312
(248) 433-7200
pwebster@dickinsonwright.com
pderosier@dickinsonwright.com

Dated: July 3, 2018

**VERIFICATION**

I, LISA O. WILSON, for Enbridge Energy, Limited Partnership, state that I have personal knowledge of all of the facts recited in the above pleading and the information in the foregoing Complaint are true and correct to the best of my knowledge and belief based upon the information made available to me.

________________________

Subscribed and sworn to before me
this 3rd day of July, 2018.

________________________
Notary Public, Ramsey County, Acting in St Louis County
State of Minnesota
My Commission Expires: 1/31/20




DETROIT 40856-1005 1459916v4